Emilio de Aldrey Montilla, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

No. 968.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 15, 1935.

*F. Soto Gras,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En escritura pública sobre reconocimiento de deuda y constitución de hipoteca otorgada por Emilio de Aldrey y su esposa ante el notario público Francisco Soto Gras el 23 de julio de 1935 los otorgantes consignaron que "a medida que sus necesidades económicas lo exijan . . . han resuelto gestionar la tramitación de dos pagarés hipotecarios al portador" a cuyo efecto "reconocen adeudar en calidad de préstamo a los portadores de los pagarés que luego se dirán . . . la suma de cuatro mil dólares, que desde ahora declaran tener recibida antes de este acto y a su satisfacción por virtud de la cesión o traspaso que se efectúe de dichos pagarés."

Los pagarés son iguales. Uno se inserta en la escritura. Dice:

"Por $2,000.00 U. S. Cy.—Para 23 de julio de 1937.—Debemos y pagaremos a la orden del portador, el día veinte y tres (23) de julio de mil novecientos treinta y siete (1937) la suma de DOS MIL DOLARES ($2,000.00). Este pagaré devengará intereses a razón del nueve por ciento (9%) anual y está garantizado con hipoteca que, por su principal, intereses y crédito adicional de CUATROCIENTOS DÓLARES ($400.00) para costas, desembolsos y honorarios de abogado en caso de reclamación judicial, hemos constituído por escritura de esta misma fecha, otorgada en esta ciudad, ante el Notario don Francisco Soto Gras, bajo el número diez y nueve (19) de su protocolo corriente, sobre una finca de nuestra propiedad que se describe en dicha escritura y sujeta a las condiciones y pactos del documento público expresado.—San Juan, Puerto Rico, a 23 de julio de 1935.—Por mí y como apoderado de mi esposa Sylvia Ferrer.—(firmado) Emilio de Aldrey.''

Presentado el documento para su inscripción en el Registro de la Propiedad de San Juan, Sección Primera, causó la siguiente nota:

"Inscrita la hipoteca que comprende este documento, en cuanto al principal de la misma, crédito adicional para costas, gastos y honorarios de abogado en caso de reclamación judicial, y los intereses sobre dicho principal al ocho por ciento anual, denegándose en cuanto al exceso de los intereses estipulados en el contrato por prohibición expresa de la Ley, . . .''

No conformes los otorgantes recurrieron de ella para ante este tribunal.

La ley a que se refiere el registrador (Ley núm. 5 de 1933 (2) pág. 27) es la misma que fué ampliamente estudiada en el caso *Caraballo* v. *Registrador,* 48 D.P.R. 923. En lo pertinente dice:

". . . que no podrá fijarse un tipo de interés, por convenio especial, que sea mayor de nueve (9) dólares anuales sobre cada cien (100) dólares o sobre su equivalente en valor, cuando el capital objeto del préstamo o del convenio no exceda de $3,000, y de ocho (8) dólares anuales por cada cien (100) dólares, cuando pase dicha cantidad.''

Acepta la parte recurrente que ésa es la ley aplicable y sostiene que no tratándose de un convenio que exceda de tres

mil dólares, sino de dos, ninguno de los cuales llega a esa suma, el interés del nueve por ciento fijado se ajusta a sus prescripciones.

El registrador insiste en su alegato en que ''la hipoteca que se constituye para garantizar una deuda, esté o no dicha hipoteca representada por uno o varios pagarés, tiene que ajustarse, en cuanto al tipo de interés, a lo que determina el único precepto limitativo del interés contractual que existe vigente en nuestro Derecho Civil—Ley núm. 5 de agosto 17, 1933.''

Estaríamos enteramente conformes en que el interés del nueve por ciento fijado sería ilegal si del documento surgiera el hecho de haberse realizado o tenerse que realizar la negociación de los dos pagarés en un solo acto, porque entonces no habría duda alguna de que se trataba de una sola transacción.

Pero como dicho documento, dados los términos en que está redactado, puede servir de base a dos transacciones distintas celebradas en varias fechas con diversas personas, que tengan vida separada por sí mismas, ninguna de las cuales excedería de tres mil dólares, el interés fijado no puede concluirse aún que sea ilegal.

Bajo esas circunstancias el registrador debió, a nuestro juicio, inscribir el documento con la advertencia de que si los pagarés se negocian de modo tal que pueda estimarse que la negociación constituye una sola transacción, entonces el interés del nueve por ciento fijado llegará a ser ilegal.

*En tal virtud debe revocarse la nota recurrida en la parte en que lo ha sido y ordenarse la inscripción en la forma indicada.*

El Juez Asociado Señor Wolf opina que procede la inscripción del documento sin advertencia alguna.

El Juez Asociado Señor Aldrey no intervino.